

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-2 ALI MAKKI,

                Defendant.

_____/

CRIMINAL NO. 03-80617

HONORABLE: AVERN COHN

OFFENSE: 18 U.S.C. § 371 (Conspiracy) [5yrs. and/or $250,000 fine]

18 U.S.C. §1956(h) (Money Laundering Conspiracy)[20yrs. and/or $500,000 fine or twice the value of the property - @$1.8 million]

CRIMINAL NO. 3-05 CR-0239M_____
(Information filed in United States District Court, Northern District of Texas)

OFFENSE:
18 U.S.C. § 1623 (False Declarations before Court) [5yrs. and/or $250,000 fine]

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant, defendant's attorney, and the United States Attorney for the Eastern District of Michigan ("U.S. Attorney") (collectively "the parties") agree as follows:

1.    <u>Guilty Plea.</u>

1

A.      Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the

Defendant agrees to transfer to the Eastern District of Michigan, Southern Division, one

Information from the Northern District of Texas, Dallas Division, docketed at 3-05 CR-

0239M. Defendant further agrees that this transferred Information will be consolidated

for plea and sentencing with the Second Superseding Indictment filed against this

Defendant in the Eastern District of Michigan, Southern Division, docketed at 03-80617,

before the Honorable Avern Cohn.

B.      Defendant will plead guilty to counts one and two of the Second

Superceding Indictment, and count three of the Information filed in the Northern

District of Texas, Dallas Division. Any other counts against defendant in this case

will be dismissed. Defendant acknowledges that the court may consider these

other counts and any other relevant conduct in determining the appropriate

sentence.

B. The elements of the offense(s) that the government would need to prove

beyond a reasonable doubt at trial are: See Attachment A.

C. The parties stipulate that the following facts are true: See Attachment B.

2.      Sentence Agreement.

A.      Sentencing Guidelines. Defendant understands that, under the

Sentencing Reform Act, the court will make factual and legal findings about

2

defendant's conduct and criminal history. Defendant understands that these findings will be made based upon information provided by the parties and the United States Probation Officer who prepares the presentence investigation report, the stipulations contained within this agreement, and any other reliable evidence, including hearsay. The court will make these findings applying a preponderance of the evidence standard of proof.

Attached to this agreement are stipulated Sentencing Guidelines worksheets. These worksheets reflect the agreement of the parties as to the applicable Sentencing Guidelines calculations. Neither party will seek, recommend, or advocate the application of Sentencing Guidelines calculations different from this stipulation.

Defendant understands that the Sentencing Guidelines findings made by the court will be used to calculate a sentence range under the Sentencing Guidelines. Defendant understands that the court is not bound by the agreement of the parties as to the correct Sentencing Guideline range. Defendant further understands that in determining the sentence, the court is required to consider the applicable Sentencing Guideline range, but is not required to adhere to that range. Defendant understands that, under the Sentencing Reform Act, the court is required to

consider all of the factors enumerated in 18 U.S.C. § 3553(a), in addition to the Sentencing Guideline range, in determining an appropriate sentence.

     B.     Imprisonment.  Pursuant to Rule 11(c)(1)(C), the parties agree that a sentence of imprisonment within the Sentencing Guideline range of 6 to 12 months, to be followed by a term of supervised release of 1year, is reasonable and an appropriate custodial disposition of the case if the Court decides to impose a custodial sentence. However, defendant may seek a sentence of probation with the conditions stated in the Sentencing Guidelines Section 5B1.1(a)(2)). The government reserves he right to oppose a sentence of probation with the conditions stated in the Sentencing Guidelines Section 5B1.1(a)(2)). Defendant further agrees that if his criminal history category is determined to be higher than that reflected in the attached worksheets, he may not withdraw his guilty plea, and the term of imprisonment within the Sentencing Guideline range corresponding to his stipulated adjusted offense level and the higher criminal history category, followed by the requisite term of supervised release, will be a reasonable and appropriate disposition of the case, and defendant will not seek, recommend or advocate for a sentence outside of that higher sentence range.

     If the court rejects this agreement because it is unwilling to impose a sentence of imprisonment within the agreed upon Sentencing Guideline range,

4

either party may withdraw from the agreement, and defendant may withdraw his guilty plea.

C.    Fine.  Pursuant to Rule 11(c)(1)(C), the U.S. Attorney agrees that a fine no higher than $20,000.00 is an appropriate disposition of the case.

D.    Supervised release.  The court will impose a term of supervised release to follow imprisonment.  If defendant violates a condition of release, the court will then be able to impose an additional prison sentence that could be as long as the original term of release.  This agreement does not limit the sentence the court could impose in that situation.

E.    Special Assessment.  Defendant must pay a special assessment of $300.00 and must bring the receipt to court on the day of sentencing.

F.    Restitution.  Defendant agrees that the court shall order restitution, pursuant to any available provision of law, for any loss caused to:  (1) the victims of any offense charged in this case (including dismissed counts), and (2) the victims of any criminal activity that was part of the same course of conduct or same scheme or plan as defendant's charged offenses.

G.    Unfiled Tax Returns.  The defendant is to fully cooperate with the Internal Revenue Service by filing all returns (including 1040s and amended returns where appropriate) for any tax years where defendant and/or his wife, have

5

failed to file income tax returns, and timely filing all future returns that come due during the period of probation or supervised release. These returns must be true and correct and must report all taxable income and claim only allowable expenses. The defendant is to provide all appropriate documentation in support of said returns. The defendant is to furnish the Internal Revenue Service with information pertaining to all assets and liabilities. The defendant is to fully cooperate in determining defendant's corrected tax liability and any assessed penalties and applicable interest owed thereon. Defendant will make satisfactory payment arrangements for the payment of all taxes, interest and penalties due and will otherwise comply with the tax laws of the United States.

3.      Other Charges.  The U.S. Attorney agrees that it will not further prosecute defendant for any other criminal charges which are based upon defendant's involvement in the trafficking of counterfeit products, namely cigarette papers.

4.      Subsequent challenges to conviction or breach of agreement.

        A.      If at any time defendant tries to withdraw the guilty plea to any count; attacks the validity of the conviction on any count; or fails to comply with the terms of the agreement, the U. S. Attorney is released from its promises under this agreement and, in particular, may prosecute defendant on any charge that it agreed

6

to dismiss or not to bring. In addition, if defendant's conviction on any count is vacated, the U. S. Attorney may request resentencing on any remaining count.

B.     Defendant waives a double jeopardy defense as to any charges the U. S. Attorney brings or pursues under the previous paragraph. Defendant waives any speedy trial or statute of limitations defense for the period of time between the date defendant signed this agreement and (a) the date an order permitting withdrawal of the plea, vacating the plea, or reversing the conviction on any count becomes final, or (b) the date the U.S. Attorney notifies defendant in writing of defendant's failure to comply with the agreement; whichever is later.

5.     Defendant's waiver of appeal rights. If the court imposes a sentence equal to or less than the sentence described in ¶ 2 of this agreement, defendant waives all appeal rights, including all rights under 28 U.S.C. §1291 to appeal the conviction, and all rights under 18 U.S.C. § 3742 to appeal the sentence imposed. Whatever sentence is imposed, defendant waives all appeal rights to challenge the constitutionality of the sentencing guidelines.

6.     Defendant's waiver of right to indictment on sentencing factors. Defendant agrees that any fact that is relevant to the determination of his/her offense level or to his/her criminal history category under the sentencing guidelines need not be alleged in the document containing the charge(s) to which he/she is pleading

7

guilty.  To the extent defendant has the right to be formally charged with any such fact in an indictment returned by a grand jury, defendant waives that right.

7.    Defendant's waiver of right to jury trial on sentencing factors.  Defendant agrees that any fact that is relevant to the determination of his/her offense level or to his/her criminal history category under the sentencing guidelines will be determined either (1) by agreement between the parties or (2) by the Court by a preponderance of the evidence based on any information or evidence the Court finds reliable, including hearsay.  To the extent defendant has the right to have a jury determine the existence of any such fact by proof beyond a reasonable doubt under the Federal Rules of Evidence, defendant waives that right.

8.    Defendant's waiver of jury trial and appeal rights.  By entering into this plea agreement and pleading guilty, defendant waives any and all rights he may have under the Sixth Amendment to have the pertinent facts of his case determined by a jury.  If the court imposes a sentence within the range described in ¶ 2 of this agreement, defendant further waives any right he may have to appeal his conviction or sentence.

9.    No other terms.  This document is the entire agreement between defendant and the U.S. Attorney with respect to the charges noted above in this criminal case.  It

8

does not prevent any civil or administrative actions against defendant or any property

by the U.S. Attorney or any other party. There are no other parties to this agreement.

10.    Acceptance of agreement. This offer automatically expires unless it has been

received (fully signed) in the Office of the U.S. Attorney by 5:00 P.M. on September

22, 2005.

11.    The U.S. Attorney reserves the right to modify or revoke the offer prior

to defendant's plea of guilty.

> STEPHEN J. MURPHY
> United States Attorney

Dated:

> ERIC M. STRAUS
> Assistant U.S. Attorney

Dated: /0/5/05

> GARY M. FELDER
> Assistant U.S. Attorney

By signing this document, the defendant acknowledges that he has read (or
been read) this entire document, understands it and agrees to its terms; and also
acknowledges that he is satisfied with his attorney's advice and representation.

Dated: Oct 5, 05

> ALI MAKKI
> Defendant

Dated: 5 Oct 05

> CLYDE PRITCHARD
> Attorney for Defendant

9

## ATTACHMENT A.
### ELEMENTS OF THE OFFENSE
#### Count One
## CONSPIRACY
### (18 U.S.C. Section 371)

One: The conspiracy, agreement, or understanding to engage in the trafficking of counterfeit goods, smuggling and wire fraud, as described in the Second Superseding Indictment, was formed, reached, or entered into by two or more persons;

Two: At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment in order to further or advance the purpose of the agreement; and

Three: At some time during the existence or life of the conspiracy, agreement, or understanding, defendant knew the purpose of the agreement, and then deliberately joined the conspiracy, agreement, or understanding.

#### Count Two
### MONEY LAUNDERING CONSPIRACY
### (18 U.S.C. Section 1956(h))

One: The conspiracy, agreement, or understanding to commit money laundering, as described in the Second Superseding Indictment, was formed, reached, or entered into by two or more persons;

Two: At some time during the existence or life of the conspiracy, agreement, or understanding, defendant knew the purpose of the agreement, and then deliberately joined the conspiracy, agreement, or understanding.

#### Count Three
#### [Information filed in Northern District of Texas]
### FALSE DECLARATIONS BEFORE A COURT
### (18 U.S.C. Section 1623)

One: The defendant gave testimony under oath before a federal court;

Two: The defendant made the false material statements as detailed in the information during that testimony; and

Three: Defendant knew that the statements were false when he gave the testimony.

ATTACHMENT B.
FACTUAL BASIS

COUNTS ONE AND TWO

At all times material to this indictment, ALI MAKKI was a nominee in the organization to traffick in counterfeit ZIG ZAG papers as stated in Counts One and Two of the Second Superseding Indictment. He was provided direction by both TAREK MAKKI and ADHAM MACKIE. ALI MAKKI would deliver counterfeit ZIG ZAG papers to various storage locations determined by TAREK MAKKI within the United States. He would also wire transfer funds to Jakarta at the request of ADHAM MACKIE in furtherance of the counterfeit Zig Zag operation. In this regard wire transferred approximately $10,190.00. ALI MAKKI was not licensed to manufacture, import nor distribute Zig Zag® cigarette paper products.

For over a century, the "Zig-Zag" trademark and the depiction of a bearded man (the "Smoking Man Design") trademark (collectively, the "Zig-Zag® Trademarks" have been used in connection with various cigarette paper products, cartons, cases and booklets produced by Bollore, Inc. Bollore was and is an internationally known distributor of specialty paper products, and both the Zig-Zag® and Smoking Man Design® trademarks have been registered by Bollore with the United State Patent and Trademark Office.

Bollore owned the trademark registrations for Zig Zag® Trademarks in the United States and in various countries throughout the world, and has granted an exclusive license to North Atlantic Trading Company and its subsidiary, North Atlantic Operating Company (hereinafter "NATC") in the United States for the importation and distribution of Zig Zag® cigarette paper products.

Count Three
[Information filed in Northern District of Texas]
FALSE DECLARATIONS BEFORE A COURT
(18 U.S.C. Section 1623)

ALI MAKKI adopts and incorporates by reference all of the allegations contained in Count Three of the Information filed in the Northern District of Texas which charges a violation of FALSE DECLARATIONS BEFORE A COURT (18 U.S.C. Section 1623).

1

# WORKSHEET A   (Offense Levels)

Defendant:     __ALI MAKKI_____    Count(s):    __One, and Two__

Docket No.:    _____03-80618_____    Statute(s):    __18 USC 371, and 1956(h)__

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §1B1.3 | Conspiracies ($10,190.00) | |
| §2S1.1(a)(2) | | 8 |
| §2B1.1(b)(1)(C) | | 4 |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| §3B1.2 (a) | Mitigating Role | 2 |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*    [X]

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

## Instructions  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts.  "All counts involving substantially the same harm shall be grouped together into a single Group."  (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.  (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNTS** _____
   ADJUSTED OFFENSE LEVEL

   [ ]      [ unit ]

2. **GROUP TWO: COUNTS** _____
   ADJUSTED OFFENSE LEVEL

   [ ]      [ unit ]

3. **GROUP THREE: COUNTS** _____
   ADJUSTED OFFENSE LEVEL

   [ ]      [ unit ]

4. **GROUP FOUR: COUNTS** _____
   ADJUSTED OFFENSE LEVEL

   [ ]      [ unit ]

5. **TOTAL UNITS**

   [ units ]

6. **INCREASE IN OFFENSE LEVEL**

   | | |
   |---|---|
   | 1 unit ➔ no increase | 2½-3 units ➔ add 3 levels |
   | 1½ units ➔ add 1 level | 3½ -5 units ➔ add 4 levels |
   | 2 units ➔ add 2 levels | >5 levels ➔ add 5 levels |

   [ ]

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

   [ ]

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

   [ ]

   (rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):  _____

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):       3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):       2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):       1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | ____ |
| _____ | _____ | _____ | _____ | _____ | ____ |
| _____ | _____ | _____ | _____ | _____ | ____ |
| _____ | _____ | _____ | _____ | _____ | ____ |
| _____ | _____ | _____ | _____ | _____ | ____ |
| | | | | | ____ |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

**(WORKSHEET C, p. 2)**

**2.    COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE  (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.  (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

_____    ☐

**3.    COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence.  However enter, only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).)  List the date of release and identify the sentence from which it resulted.

_____    ☐

**4.    PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE  (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE: No more than 3 points may be added under this item.

_____    ☐

_____

**5.    TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.    ☐

**6.    CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

**I**

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level
entered in Item 8 of Worksheet B.

| 12 |

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

| 2 |

**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

| 10 |

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category
entered in Item 6 of Worksheet C.

| I |

**5.    CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL
(U.S.S.G. ch. 4, pt. B)**

a.  <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision
(U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense
level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.  <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal
provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category
entered in Item 4, enter the higher criminal history category.

**6.    GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total
offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

| 6-12 months |

**7.    STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute
is above, the guideline range entered in Item 6, enter either the guideline range as restricted by
statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of
conviction is required by statute to be consecutive to the sentence on any other count of conviction,
explain why.

| months |

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

**1.   PROBATION (U.S.S.G. ch. 5, pt. B)**

    a.   Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

☐   1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

☐   2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

☐   3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b.   Length of Term of Probation  (U.S.S.G. § 5B1.2)

☐   1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

☐   2.   No more than 3 years (total offense level < 6).

    c.   Conditions of Probation  (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

**2.   SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

☐   a.   A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

☐   b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

**3.   IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

**(WORKSHEET E, p. 2)**

## 4.  SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)

a.  Imposition of a Term of Supervised Release  (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.  Length of Term of Supervised Release  (U.S.S.G. § 5D1.2)

☐  1.  At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐  2.  At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐  3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐  4.  The statute of conviction requires a minimum term of supervised release of _____ months.

c.  Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5.  RESTITUTION (U.S.S.G. § 5E1.1)

☐  1.  The court will determine whether restitution should be ordered and in what amount.

☐  2.  Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute.  (*See, e.g.,* 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

☐  3.  The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3).)

☐  4.  The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☐  5.  Restitution is not applicable.

(WORKSHEET E, p. 3)

6. **FINE** (U.S.S.G. § 5E1.2)

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

   | **Minimum Fine** | **Maximum Fine** |
   |------------------|------------------|
   | $  2,000 | $  20,000 |

7. **SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   $ 25.00 for every count charging a Class A misdemeanor,
   $ 10.00 for every count charging a Class B misdemeanor, and
   $  5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of $ 300.00       .

8. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

9. **UPWARD OR DOWNWARD DEPARTURE** (U.S.S.G. ch. 5, pts. H & K)

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

   _____

   _____

   _____

(rev. 06/99)

# WORKSHEET A   (Offense Levels)

Defendant:  **ALI MAKKI**                    Count(s):  Three (TEX Information)

Docket No.:  03-80618                        Statute(s):  18 USC 1623

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2J1.3 | Perjury (Texas Information) | 14 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| §3B1.2 (a) | Mitigating Role | 4 |
|  |  |  |
|  |  |  |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

*********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*   X

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

## Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNTS _____
   ADJUSTED OFFENSE LEVEL _____      [   ]    [ unit ]

2. **GROUP TWO:** COUNTS _____
   ADJUSTED OFFENSE LEVEL _____      [   ]    [ unit ]

3. **GROUP THREE:** COUNTS _____
   ADJUSTED OFFENSE LEVEL _____      [   ]    [ unit ]

4. **GROUP FOUR:** COUNTS _____
   ADJUSTED OFFENSE LEVEL _____      [   ]    [ unit ]

5. **TOTAL UNITS**      [ units ]

6. **INCREASE IN OFFENSE LEVEL**

   | | |
   |---|---|
   | 1 unit → no increase | 2½-3 units → add 3 levels |
   | 1½ units → add 1 level | 3½ -5 units → add 4 levels |
   | 2 units → add 2 levels | >5 levels → add 5 levels |

   [   ]

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**     [   ]

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

   [   ]

(rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses): _____

## 1. PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months (U.S.S.G. §§ 4A1.1(a)):     3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days (U.S.S.G. §§ 4A1.1(b)):     2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences (U.S.S.G. §§ 4A1.1(c)):     1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE: No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | [ ] |
| _____ | _____ | _____ | _____ | _____ | [ ] |
| _____ | _____ | _____ | _____ | _____ | [ ] |
| _____ | _____ | _____ | _____ | _____ | [ ] |
| _____ | _____ | _____ | _____ | _____ | [ ] |
| _____ | _____ | _____ | _____ | _____ | [ ] |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\**   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(c) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

**(WORKSHEET C, p. 2)**

**2.** **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

_____

**3.** **COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However enter, only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

_____

**4.** **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

_____

_____

**5.** **TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

**6.** **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

I

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

| 12 |

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**

| 2 |

**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

| 10 |

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

| I |

**5.    CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

a.  <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.  <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.    GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

| 6-12 months |

**7.    STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

| months |

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

### 1.    PROBATION (U.S.S.G. ch. 5, pt. B)

  a.  Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

☐  1.  Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

☐  2.  Probation is authorized by the guidelines (minimum of guideline range = zero months).

☐  3.  Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

  b.  Length of Term of Probation  (U.S.S.G. § 5B1.2)

☐  1.  At least 1 year but not more than 5 years (total offense level ≥ 6).

☐  2.  No more than 3 years (total offense level < 6).

  c.  Conditions of Probation  (U.S.S.G. § 5B1.3)

  The court must impose certain conditions of probation and may impose other conditions of probation.

### 2.    SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))

☐  a.  A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

☐  b.  A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

### 3.    IMPRISONMENT (U.S.S.G. ch. 5, pt. C)

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

**(WORKSHEET E, p. 2)**

4.    **SUPERVISED RELEASE** (U.S.S.G. ch 5., pt. D)

    a.    Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.    Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

        1.    At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

        2.    At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

        3.    1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

        4.    The statute of conviction requires a minimum term of supervised release of _____ months.

    c.    Conditions of Supervised Release (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.    **RESTITUTION** (U.S.S.G. § 5E1.1)

        1.    The court will determine whether restitution should be ordered and in what amount.

        2.    Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

        3.    The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

        4.    The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

        5.    Restitution is not applicable.

(rev. 06/99)

**(WORKSHEET E, p. 3)**

6. **FINE** (U.S.S.G. § 5E1.2)

    a. Fines for Individual Defendants

        The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

    b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $   2,000 | $   20,000 |

7. **SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

        $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
        $ 25.00 for every count charging a Class A misdemeanor,
        $ 10.00 for every count charging a Class B misdemeanor, and
        $   5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of  $ 100.00            .

8. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

9. **UPWARD OR DOWNWARD DEPARTURE** (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

(rev. 06/99)